Filed 2/14/25  P. v. Profit CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DERNEL DARRELL PROFIT,<br><br>    Defendant and Appellant. | D084025<br><br><br>(Super. Ct. No. FVI20000334) |

APPEAL from a judgment and order of the Superior Court of San Bernardino County, Debra Harris, Judge.  Reversed and remanded with instructions.

Jo Pastore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Dernel Darrell Profit appeals from an order revoking his probation and judgment imposing a previously suspended upper term sentence of 3 years and 8 months, which he agreed to as part of his guilty plea to the trial court in 2021. He stipulated to a factual basis for the plea but not to any factors in aggravation for the upper term sentence. His appointed appellate counsel filed a brief raising no issues and asking that we independently review the record under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. To assist this court in its review, counsel identified the following issue: "Did the court err when it imposed the upper term[?]," stating that "[w]hether a trial court can impose a stipulated sentence that is more than the mid-term is currently on review in the California Supreme Court in *People v. Mitchell* (2022) 83 Cal.App.5th 1051." (Boldface omitted.) We granted Profit the opportunity to file a supplemental brief on his own behalf and he has not done so.

Upon our independent review of the record, we invited the parties to file supplemental briefing on the following issue which might, if resolved favorably to Profit,[1] result in a modification of the judgment: Whether Senate Bill No. 567 (2020–2021 Reg. Sess.) (Senate Bill 567) entitles defendants like Profit, who entered a plea agreement with a stipulated upper term sentence, to remand. This question has divided the Courts of Appeal

---

[1] Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

and is now pending before the California Supreme Court.[2]  We agree with the Courts of Appeal that have allowed defendants with nonfinal judgments to seek the ameliorative benefits of Senate Bill 567, even where they were sentenced pursuant to plea agreements with stipulated sentences. Accordingly, we reverse the judgment and order and remand the matter for further proceedings under amended Penal Code section 1170, subdivision (b).[3]

On August 9, 2021, Profit pled guilty to charges of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count 1); unlawful possession of ammunition (Pen. Code, § 30305, subd. (a)(1); count 2); carrying a loaded firearm in a public place (Pen. Code, § 25850, subd. (a); count 3); driving while under the influence (DUI) of alcohol with a prior DUI conviction (Veh. Code, §§ 23152, subd. (a), 23550, subd. (a), 23550.5, subd. (a), former 23175 and former 23175.5; count 4); and driving with a 0.08 percent blood alcohol content with a prior DUI conviction (Veh. Code, §§ 23152, subd. (b), 23550, subd. (a), 23550.5, subd. (a), former  23175 and former 23175.5; count 5).

His guilty plea was to the trial court and not joined by the People. Profit's attorney stipulated that the police reports, preliminary hearing

[2]    See *People v. De La Rosa Burgara* (2023) 97 Cal.App.5th 1054, 1063, review granted Feb. 21, 2024, S283452 (*De La Rosa*) [defendant entitled to remand], *People v. Todd* (2023) 88 Cal.App.5th 373, 381–382, review granted Apr. 26, 2023, S279154 (*Todd*) [same]; *People v. Fox* (2023) 90 Cal.App.5th 826, 831 (*Fox*) [same]; but see *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057–1059, review granted Dec. 14, 2022, S277314 (*Mitchell*) [defendant not entitled to remand] and *People v. Sallee* (2023) 88 Cal.App.5th 330, 340–341, review granted Apr. 26, 2023, S278690 (*Sallee*) [same].

[3]    All further undesignated statutory references are to the Penal Code.

transcript, and criminal history (rap sheet) provided a factual basis for the plea. In exchange for his plea, the court granted him three years of formal probation on all counts with a suspended sentence of 3 years and 8 months pending successful completion of probation. The suspended sentence consisted of the upper term on count 1 and one third of the middle term on count 4. Among other probation terms and conditions, Profit was ordered to complete an SB38 alcohol rehabilitation program (SB38 program) and not to possess or consume alcoholic beverages.

On January 4, 2024, the probation department filed a petition for revocation of probation. An evidentiary hearing was held on February 28, during which a probation officer testified to Profit's performance on probation. Among other things, Profit had not completed the SB38 program and, during a home visit on January 1, several bottles of alcohol were found inside and outside his home. He took a breathalyzer test that day and had a 0.031 percent blood alcohol content. The trial court found him in violation, formally revoked probation, and imposed the suspended sentence. On March 14, 2024, Profit filed a notice of appeal.

Between the date of the initial sentencing hearing and the probation revocation hearing, the Legislature enacted Senate Bill 567, effective January 1, 2022. The bill modified section 1170, subdivision (b), to limit a sentencing court's discretion to impose the upper term for crimes with a sentencing triad.

At the time Profit was initially sentenced, former section 1170, subdivision (b), vested courts with broad discretion to determine whether the imposition of a low, middle, or upper-term sentence for a crime with a sentencing triad "best serve[d] the interests of justice." (Former § 1170, subd. (b); Stats. 2020 ch. 29 § 14.) Between the date of his original

4

sentencing hearing and the date of his probation revocation hearing, the Legislature enacted Senate Bill 567, which amended section 1170, subdivision (b).  Broadly speaking, the new sentencing law "make[s] the middle term the presumptive sentence for a term of imprisonment."  (*People v. Lopez* (2022) 78 Cal.App.5th 459, 464.)  As amended, section 1170, subdivision (b)(1), provides that where a sentencing statute provides for three possible terms, "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."

Amended section 1170, subdivision (b)(2), in turn, states that a court may impose a sentence exceeding the middle term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term," and the facts underlying those circumstances have been proven beyond a reasonable doubt at trial or stipulated to by the defendant.  (See Cal. Rules of Court, rule 4.421 [enumerating the factors courts may consider as aggravating circumstances].)  Additionally, amended section 1170, subdivision (b)(3), states that a "court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."

Senate Bill 567 applies retroactively in nonfinal cases, like Profit's, because it constitutes an ameliorative change to the criminal law and nothing in the new sentencing law evinces a legislative intent for the law to operative on a prospective-only basis.  (*De La Rosa*, *supra,* 97 Cal.App.5th at p. 1061, review granted; *Fox*, *supra,* 90 Cal.App.5th at p. 831; *Todd, supra*, 88 Cal.App.5th at p. 377, review granted; *Sallee, supra*, 88 Cal.App.5th at p. 335, fn. 3, review granted; see also *In re Estrada* (1965) 63 Cal.2d 740,

5

745.) The question here is whether Profit is entitled to any *relief* under Senate Bill 567, given that he stipulated to the imposition of the upper term under a plea agreement. We review this issue of law de novo. (*De La Rosa,* at pp. 1061–1062; *Fox,* at p. 831.)

As we noted, this question has divided the Courts of Appeal and is now pending before the California Supreme Court. Because we will soon have clarity one way or the other, we need not add to the conversation with further extensive argument or analysis. It will suffice for us to state that we are persuaded by the logic of the courts that have allowed defendants subject to stipulated sentences to seek the ameliorative benefits of Senate Bill 567 and adopt the pertinent analysis of those courts, including *De La Rosa*, *supra*, 97 Cal.App.5th 1054, review granted, *Todd*, *supra*, 88 Cal.App.5th 373, review granted, and *Fox*, *supra*, 90 Cal.App.5th 826. Accordingly, we will reverse the judgment and remand the matter for the purpose of permitting Profit to seek relief under amended section 1170, subdivision (b).[4]

---

[4] Even if *Mitchell* and *Sallee* are correct, we do not believe they would compel a different result. As the Attorney General noted, the reasoning in these cases does not apply because Profit did not negotiate a plea agreement with the People and instead entered into an open plea with the court. And as such the court's discretion as to the sentencing triad was not limited to accepting or rejecting the plea agreement. (*Sallee*, *supra*, 88 Cal.App.5th at p. 338 [explaining that because "the court imposed a stipulated sentence pursuant to a negotiated plea agreement," its discretion was limited to approving or rejecting the bargain and it thus "did not exercise discretion to select between the lower, middle, or upper term based on any aggravating or mitigating circumstances"]; *Mitchell*, *supra*, 83 Cal.App.5th at p. 1058 [deciding against remand because the court "had no opportunity to exercise any discretion in deciding whether the imposition of the upper, middle, or lower term would best serve 'the interests of justice' " under § 1170, subd. (b)].)

6

The Attorney General argues, in his supplemental respondent's brief, that Profit forfeited any claim of sentencing error by not objecting when the court imposed the previously suspended upper term sentence in 2024, well after the enactment of Senate Bill 567. We decline to find forfeiture; Profit *received* the suspended upper term sentence *before* enactment of the ameliorative law. Anticipating that we might not deem his claim forfeited, in that event, the Attorney General does not oppose remand to ensure that Profit's sentence complies with amended section 1170, subdivision (b). He acknowledges the trial court did not state the circumstances in aggravation that it was relying on to justify imposition of the upper term on count 1 and it had expressed "hesitation as to whether it could legally impose an upper term sentence," essentially conceding the error is not harmless. We agree.

The remand procedures set forth in *De La Rosa*, *supra*, 97 Cal.App.5th at pages 1064–1065, review granted, shall apply:

If Profit waives the requirements of amended section 1170, subdivision (b), the trial court shall reinstate his original sentence, which includes the upper term of three years on count 1.

If Profit invokes the requirements of amended section 1170, subdivision (b), he must state whether he either stipulates to the facts underlying an aggravating circumstance justifying the imposition of the upper term on count 1 or, alternatively, whether he desires a jury or court trial on any aggravating circumstances alleged by the People. (§ 1170, subd. (b)(2); *De La Rosa*, *supra*, 97 Cal.App.5th at p. 1064, review granted.)

If Profit requests a jury or court trial, the trial court shall conduct such a trial, at which the People will bear the burden proving beyond a reasonable doubt the truth of any alleged aggravating circumstance justifying the imposition of the upper term. (§ 1170, subd. (b)(2).) If the People fail to prove

7

the truth of an aggravating circumstance, the court shall find that the sentence on count 1 cannot exceed the middle term of two years.  (§ 29800, subd. (a)(1) [two years is the middle term].)

If Profit stipulates to the facts underlying an aggravating circumstance justifying the upper term sentence, or the People prove the existence of an aggravating circumstance beyond a reasonable doubt to a jury or the court, the trial court shall find that the upper term may be imposed on count 1.

If, after compliance with the procedures under section 1170, subdivision (b), the trial court determines the upper term can be imposed on count 1, the court shall reinstate the original sentence.

However, if, following the abovementioned procedures, the trial court does not approve of the plea agreement with the reduced sentence or the People do not agree to the reduced sentence, the court shall vacate the plea in toto and return the parties to their status quo ante.

## DISPOSITION

The judgment and order are reversed and the matter is remanded for further proceedings consistent with this opinion.  On remand, Profit should be permitted the opportunity to seek resentencing in compliance with section 1170, subdivision (b), as amended by Senate Bill 567.  If the trial court resentences Profit without vacating his guilty plea, the court shall forward an

amended abstract of judgment to the Department of Corrections and Rehabilitation.

DO, J.

WE CONCUR:

McCONNELL, P. J.

DATO, J.

9